```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
BRUCE LOWERY,                           :
                                        :
                     Plaintiff,         :    07 Civ. 6325 (DLC)
                                        :
          -v-                           :
                                        :
POLICE OFFICER PETRUSINO, POLICE        :    OPINION & ORDER
OFFICER TASSONE, POLICE OFFICER JOHN    :
DOE, CITY OF WHITE PLAINS,              :
                                        :
                     Defendants.        :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

On December 7, 2009, an Order was issued dismissing this case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). On December 9, 2009, the Court received a submission from the pro se plaintiff dated November 21 and styled as a "motion to stay proceedings." On December 23, 2009, the Court received the plaintiff's "motion to reconsider dismissal order" dated December 18. Construing the two submissions as a motion to reopen the case, that motion is denied.

BACKGROUND

On April 30, 2007, pro se plaintiff Bruce Lowery filed this lawsuit against the City of White Plains (the "City") and three individual police officers employed by the City: Officer

Petrusino, Officer Tassone, and an unnamed John Doe defendant (collectively, the "defendants").  Plaintiff brings suit for violation of his civil rights pursuant to 42 U.S.C. § 1983, alleging that the individual defendants subjected him to unlawful and excessive force during the late afternoon on April 13, 2007, when the individual defendants "attacked . . . , punched and tackled [plaintiff] to the concrete" outside the White Plains Police Department, thereby causing plaintiff injury.  Plaintiff's request to proceed in forma pauperis was granted, and summonses were issued on July 11, 2007.  The case was subsequently assigned to this Court.

On December 6, 2007, a letter was received from the plaintiff requesting assistance in obtaining certain video surveillance tapes containing evidence concerning the April 13, 2007 incident.  The letter did not indicate that any of the defendants had been served with the summons and complaint.  As a result, on December 12, 2007, an Order was issued directing the plaintiff to communicate in writing with this Court's Pro Se Office to indicate when and in what manner the defendants had been served, or if they had not been served, to explain why the plaintiff had failed to serve within the 120 days prescribed by Rule 4(m) of the Federal Rules of Civil Procedure.  The Order warned the plaintiff that if the Pro Se Office did not receive communication from the plaintiff on or before January 11, 2008,

2

showing good cause why service was not made within the 120 day period, the Court would dismiss the case.  No communication was received thereafter from the plaintiff by January 11.  As a result, the plaintiff's complaint was dismissed on February 12, 2008.

Three months later, by letter dated May 25, plaintiff requested that his case be reopened.  The letter described a conversation that took place between him, the Pro Se Office at the White Plains Courthouse, and the Pro Se Office at the Foley Square Courthouse indicating that there had been some confusion regarding the issuance of the summonses.  The Foley Square Pro Se Office thereafter informed the Court that it would correspond with the plaintiff in order to clarify the substance of the conversation referenced by plaintiff in his May 25 letter.  Consequently, on June 11, 2008, plaintiff's application to reopen this action was denied without prejudice to a renewed application following the receipt of further communication from the Pro Se Office.

By letter dated July 14, 2008, plaintiff again communicated that he had failed to serve the defendants because he had never received the summonses.  Plaintiff requested that the case be reopened.  The Pro Se Office confirmed that it had sent the plaintiff the Rule 4 mailing package (including the summonses) to the plaintiff's then-current address at the Westchester

3

County Jail, P.O. Box 10, Valhalla, NY 10595 on July 11, 2007. The Pro Se Office's records did not indicate that the mailing package had been returned as undeliverable.  The docket sheet reflected, however, that on July 20, 2007, the plaintiff changed his mailing address.  The plaintiff's renewed request to reopen the case was granted on July 22, 2008, and the Pro Se Office was directed to issue a new mailing package.  Acting on the plaintiff's behalf, the U.S. Marshals executed service upon the City and individual defendants on September 12 and October 27, 2008, respectively.[1]

A Rule 16 pretrial scheduling conference was held with the parties on February 20, 2009.  Having been released from jail, the plaintiff attended that conference.  Pursuant to the discussion with the parties on February 20, a scheduling order directed, <u>inter</u> <u>alia</u>, that pretrial discovery would end on July 3, 2009, and the plaintiff's concise, written pretrial statement would be due on August 7, 2009.  In March 2009, in response to plaintiff's application for subpoenas to obtain certain video surveillance tapes, the Court consulted with the United States Marshal and learned that no such tapes existed.  Consequently,

---

[1] On September 18, 2008, the Court denied plaintiff's application for appointment of counsel without prejudice to renewal.

the request for subpoenas was denied on March 12, 2009.[2]  Due to his re-incarceration, plaintiff then requested a two-month stay, and this request was granted by an April 7, 2009 Order extending all subsequent deadlines by two months.

On June 22, 2009, the defendants filed a "motion to dismiss for failure to follow court directives" on the basis that, inter alia, plaintiff had failed to cooperate with defendants in discovery.  By Order of July 2, 2009, the defendants' motion was denied, but the plaintiff was ordered to "cooperate with defendants in the pretrial discovery process" and to "keep the Court and defendants informed of his current address."  The July 2 Order also granted the plaintiff a second two-month extension for discovery, extending the discovery deadline to November 6 and the plaintiff's pretrial statement deadline to December 11.

In a letter dated October 28, 2009 and received on November 3, 2009, the defendants informed the Court that the plaintiff had still not taken discovery, nor served his expert reports on the defendants by the appointed deadline, nor responded to defendants' March 4 discovery demands nor their October 5 letter inquiring about discovery.  By Order of November 3, 2009,

---

[2] By letter of April 3, 2009, the plaintiff moved for the Court to "reserve or reverse" its March 12 Order and requested that a subpoena be issued for a third set of surveillance tapes.  After learning that the third set of tapes did not exist either, the Court denied the plaintiff's April 3 application and declined to issue subpoenas.

plaintiff was directed to respond to defendants' discovery demands by November 27 or the case would be dismissed for failure to prosecute.  By letter of December 2, 2009, the defendants indicated that the plaintiff still had not responded.  As a result, on December 7, 2009, the case was dismissed for failure to prosecute.

## DISCUSSION

Federal Rule of Civil Procedure 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  The Second Circuit has elaborated that "the power of a district court" to dismiss a case for failure to prosecute "has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  Lewis v. Rawson, 564 F.3d 569, 575 (2d Cir. 2009) (citation omitted); see also LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case sua sponte for failure to prosecute . . . .").  Dismissal for failure to prosecute is a "harsh remedy," however, and "should be utilized only in extreme situations."  Lewis, 564 F.3d at 576

(citation omitted); see also U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 250-51 (2d Cir. 2004).

The standard governing dismissal for failure to prosecute in the Second Circuit is embodied in a five-factor test, which directs a court to consider whether

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

Lewis, 564 F.3d at 576 (citation omitted). "[N]o one factor is dispositive" in determining whether a dismissal is merited, and the court must undertake "careful examination of each case in its own factual circumstances." Id. (citation omitted). Moreover, "courts should be especially hesitant to dismiss for procedural deficiencies where the failure is by a pro se litigant." Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998) (citation omitted); see also LeSane, 239 F.3d at 209 (noting in the Rule 41(b) context that "pro se plaintiffs should be granted special leniency regarding procedural matters").

Taken individually and as a whole, the five Lewis factors weigh in favor of dismissal. First, with respect to whether "the plaintiff's failure to prosecute caused a delay of significant duration," the Court observes that the plaintiff has

7

been responsible for several protracted and inexcusable delays. First, the plaintiff failed to serve the defendants within 120 days as required by Rule 4(m).  Second, the plaintiff failed to respond to the December 12, 2007 Order directing plaintiff to explain his failure to serve the defendants.  Third, the plaintiff waited three months after the February 12, 2008 Order dismissing his complaint in order to file his request to reopen the case.  Fourth, the plaintiff did not comply with defendants' March 2009 discovery demands, even after repeated warnings and inquiries and even after the defendants moved to dismiss plaintiff's complaint based on plaintiff's failure to cooperate in discovery.  Although the plaintiff is not wholly responsible for every delay that has occurred, the plaintiff's inattention and lack of diligence has been the overriding cause of delay in this case.

Second, with respect to whether "plaintiff was given notice that further delay would result in dismissal," plaintiff was warned on multiple occasions that failure to comply with Court orders could result in dismissal of his case.  Further, on July 2, 2009, plaintiff was specifically directed to comply with defendants' March 2009 discovery demands.  Finally, on November 3, 2009, plaintiff was warned that if he did not respond to the defendants' discovery demands by November 27, his case would be dismissed for failure to prosecute.  Plaintiff failed to heed

these repeated warnings.  It is noteworthy that the plaintiff makes no attempt in either of the pending motions to explain his failure to comply with the defendants' March 2009 discovery requests.

Third, the "defendant[s] [are] likely to be prejudiced by further delay."  Defendants have already moved once, six months ago, to dismiss the plaintiff's complaint for failure to follow Court orders, and defendants have incurred unnecessary expense since then as a result of plaintiff's continued failures to comply with defendants' discovery requests.  In any event, "prejudice to defendants resulting from unreasonable delay may be presumed."  LeSane, 239 F.3d at 210 (citation omitted); see also Drake, 375 F.3d at 256 ("Prejudice may be presumed as a matter of law in certain cases, but the issue turns on the degree to which the delay was lengthy and inexcusable.").

Fourth, in weighing "court calendar congestion" against "plaintiff's right to an opportunity for a day in court," it is clear that plaintiff has had ample opportunity to press his claim.  Plaintiff has added to "court calendar congestion." More than two years after it was filed, and despite the issuance of several court orders and a conference with the parties, the case has still not gotten off the starting blocks.

Finally, "lesser sanctions" would not be efficacious in addressing plaintiff's repeated failures to cooperate.

Plaintiff has brought his case in forma pauperis and does not have the ability to pay fines, and none of the other sanctions available under Rule 37(b)(2) are appropriate in this instance. While the plaintiff has "had ample opportunity to pursue his claim," he has "chose[n] not to do so." Ruzsa v. Rubenstein & Sendy Attys. at Law, 520 F.3d 176, 178 (2d Cir. 2008).

## CONCLUSION

The plaintiff's November 21, 2009 motion to stay proceedings and December 18, 2009 motion to reconsider are denied.

SO ORDERED:

Dated:   New York, New York
         December 29, 2009

                                    _____
                                    DENISE COTE
                                    United States District Judge

10

COPIES MAILED TO:

Bruce Lowery
c/o Morton Lembreck
Sanders Morris Harris
527 Madison Avenue
New York, NY 10022

Joseph A. Maria
Joseph A. Maria, P.C.
301 Old Tarrytown Road
White Plains, NY 10603

Bruce Lowery
16164
P.O. Box 10
Valhalla, N.Y. 10595